UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Madison Ward, | Case No. 24-cv-571 (KMM/DTS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Federal Bureau of Prisons, | |
| Respondent. | |

---

This matter comes before the Court on Petitioner Madison Ward's petition for a writ of habeas corpus, Dkt No.1 (Petition). For the following reasons, the Court denies the Petition and recommends dismissal of this action.

This action commenced on February 22, 2024. *See* Docket. Ward is presently incarcerated at the Federal Correctional Institution in Waseca, Minnesota. The Petition contends that the Federal Bureau of Prisons's allocation of "time credits" toward her sentence has failed to properly account for time that Ward spent at a Texas jail in 2020 and 2021 while she awaited sentencing in her federal criminal case. *See* Pet. 1.[1]

On March 19, 2024, this Court issued an Order requiring Ward to explain her views on two issues: (1) whether she had exhausted administrative remedies concerning her claim, and (2) whether she was in fact entitled to credit for her Texas jail time, given that the time in question already "appear[ed] to have been properly credited" to Ward's sentence. *See* Order 1–2, Dkt. No. 4. The Court received Ward's response on April 9, 2024. *See* Resp. 1–2, Dkt. No. 5. As the Court understands it, this response concedes

---

[1] Citations to filed materials use CM/ECF pagination.

that Ward has not exhausted administrative remedies, but states that she has now submitted certain materials to BOP authorities and "hope[s] to find resolution through this process." *Id.* at 1.[2]

As the Court noted in its earlier Order, while "there is no statutory exhaustion requirement for habeas petitions filed by persons not in custody as the result of a state judgment, federal courts have long required habeas petitioners to exhaust alternative remedies for their claims wherever such alternative remedies are available to the prisoner." Order 1; *see also, e.g.*, *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) ("A prisoner may bring a habeas action challenging the BOP's execution of [her] sentence only if [she] first presents [her] claim to the BOP." (citing cases)); *Heil v. Eischen*, No. 23-CV-3845, 2024 WL 406939, at *2 (D. Minn. Jan. 9, 2024) (citing cases, including *Mathena*), *report and recommendation adopted*, 2024 WL 406603 (D. Minn. Feb. 2, 2024). As a result, Ward's conceded failure to exhaust her administrative remedies counsels dismissal here.[3] The Court therefore recommends denying the Petition and dismissing this action.

As a final point, the Court notes that the Response asks the Court to grant Ward a "stay or continuance" while she works through her administrative remedies. Resp. 2. The

---

[2] The Response provides no response to the substantive issue flagged by this Court's Order.

[3] The Court acknowledges that because exhaustion is not a jurisdictional requirement for § 2241 petitions, courts have the discretion to consider such petitions even when a prisoner has not exhausted administrative remedies. *See, e.g.*, *Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007). And courts indeed have excused the need to exhaust in § 2241 matters where time constraints apply or it would be futile to seek administrative remedies. *See, e.g.*, *Heil*, 2024 WL 406939, at *2 (citing cases). Nothing in the Petition or Ward's Response suggests that either of those exceptions applies here—particularly since Ward's release date is several years away.

Court recommends denying this request. Once Ward exhausts her administrative remedies, she can simply file a new action then if she is not satisfied with the outcome.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1. Petitioner Madison Ward's petition for a writ of habeas corpus, Dkt. No. 1, be **DENIED**.

2. This action be **DISMISSED WITHOUT PREJUDICE** based on Ward's failure to exhaust administrative remedies.

3. Ward's request (in Dkt. No. 5) that this action be stayed or continued pending exhaustion of administrative remedies be **DENIED**.

Dated: April 23, 2024                             __s/David T. Schultz_____
                                                  DAVID T. SCHULTZ
                                                  U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).